## ALDRIDGE v. RIBYRE.

LANDLORD AND TENANT.—*Attornment.*—*Pleading.*—Where the lessee for a year of a tract of land executed to his lessor a promissory note for the rent under such lease, and, upon suit thereon by an assignee thereof, seeks to avoid the payment thereof by pleading that, before he had had notice of such assignment, he had made payment of such rent, on demand, to a stranger, who then claimed and still claims title to such land, under a deed, executed to him during such year by the proper sheriff, pursuant to a sale of said land by such sheriff, by virtue of a decree of foreclosure and order of sale, rendered by the proper court in a suit upon a mortgage on such land, executed by a third person prior to the granting of such lease, but such answer does not aver the dates of such decree and sale, it is bad on demurrer.

From the Posey Circuit Court.

*E. M. Spencer* and *W. Loudon*, for appellant.

*E. D. Owen*, for appellee.

BIDDLE, J.—This action is founded on a promissory note dated August 20th, 1873, made by the appellant to John W. Bacon, and by him assigned by indorsement to the appellee.

Answer, admitting the note and indorsement, but averring that the note was given for rent under a lease of certain lands from John W. Bacon to the maker, for the term of one year from the date of the note. That before the lease was made, Isaac Bacon, the father of John, had executed a mortgage on the premises to James Buchanan, to secure the payment of one thousand dollars; that afterwards, on the 10th day of March, the mortgage was foreclosed in the court of common pleas of Posey county, "and said real estate was duly sold on the said decree of foreclosure," to certain persons, named, to whom the sheriff duly executed a certificate of purchase, which was assigned to Washington Boice; "and on the 13th day of April, 1874, the said real estate, not having been redeemed, was conveyed by said sheriff to said Boice, by deed duly executed and delivered to him." That after the execution of said deed, and before the note became due, and before notice of its assignment to appellee, Boice demanded from the appellant the rent for said premises, during the term for which the note was executed, which was paid to Boice by the appellant. Wherefore, etc.

A demurrer was filed to this answer, alleging, as ground, the insufficiency of the facts stated. The demurrer was sustained. The appellant declined to plead further, and the court, over his exceptions, rendered judgment for the appellee.

The averments in this answer are so imperfect and uncertain, that they present no issuable fact. It alleges that the foreclosure of the mortgage was had on the 10th day of March, but in what year is not stated. There is no date given to the sale under the decree. The only date

mentioned that could affect the case is the date of the sheriff's deed, the 13th day of April, 1874. These facts do not show that Boice's title—whatever it may be, and however it may affect the question of rent,—covers the term which the appellant held from John W. Bacon. We might guess, from the date of the deed to Boice, that the sale under the decree took place one year before, but a pleading must be a statement of facts. We may infer law from facts, but never facts from law. Facts must be stated by the parties, the law must be known by the court.

The appellant claims that the consideration of the note has wholly failed, because his landlord's title to the premises failed during the term of the lease, by being transferred to Boice under the decree and sale, but the facts averred do not present the question.

The court committed no error in sustaining the demurrer to the answer.

The judgment is affirmed, with costs.